JAMES FAY, Appellant, *v.* SUN PRINTING AND PUBLISHING ASSOCIATION, Respondent.

First Department, December 29, 1916.

Libel — when newspaper article relating to robbery libelous per se.

A newspaper article creating the impression that a certain person was an associate of robbers and criminals and had been named in a confession of one of the robbers implicated in an automobile " hold-up " as a perpetrator of the offense is libelous *per se.*

APPEAL by the plaintiff, James Fay, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of April, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Henry M. Dater,* for the appellant.

*Charles K. Carpenter,* for the respondent.

PAGE, J.:

The action is brought to recover damages for a libel arising out of a newspaper article published in the Evening *Sun* of June 6, 1914, purporting to report certain activities of the police department in bringing to justice the perpetrators of three automobile robberies which occurred on June 5, 1914, in various parts of New York city.   It appears that on June 5, 1914, two clerks of the American Can Company were held up and robbed at Fourteenth street near Tenth avenue in the city of New York, the robbers having escaped in an automobile.   The

driver of the automobile, one Frederick Kelly, was apprehended and made a confession to the police of his complicity in the robbery. Kelly directed the police to a saloon on Third avenue, and in his confession implicated certain other men in the robbery. The police visited the saloon on Third avenue and arrested one Joseph Reardon. The police were then informed by bystanders that one of the robbers would probably be found at a billiard room at 623 Third avenue, whereupon they visited and searched the said billiard room. In the course of their search they found a handbag behind a counter which contained a revolver and cartridges, together with papers bearing the address of one of the men then under suspicion of having been implicated in the robbery. The plaintiff, James Fay, was then employed as manager in charge of the billiard room, and being unable to give a satisfactory explanation of the contents of the bag he was arrested, charged with a violation of the Sullivan Law (Penal Law, § 1897). The plaintiff was thereafter duly arraigned before a magistrate and honorably discharged, it having been developed at the hearing before the magistrate that the satchel was brought into the billiard room in the daytime by a customer, who stated to the proprietor that he desired to leave it for a short time and would return and get it, and it was conclusively shown that Fay did not even know it was there, who brought it there, or what its contents were. It was also brought out that Fay was a young man about twenty-seven years of age, who had been working for his own living since he was fourteen, and had been employed during the daytime with various dry-goods houses, including John Wanamaker, R. H. Macy & Company, and Simpson, Crawford & Simpson, and that in an endeavor to increase his earnings during the evenings he accepted a position as manager of the brilliard room on Third avenue, in which the revolver and satchel were found. He had not even been there in the daytime when the satchel was brought in. The article published in the New York *Sun*, of which the plaintiff complains, was entitled in large headlines: "Auto Bandits Fight Over Spoils; Confession Leads to 4 Arrests." "Kelly Gives Information Leading to Capture of American Can Co. Robbers." The article continued: "The police had four men under arrest this

morning in connection with one of the three daylight robberies by automobile bandits yesterday.  *  *  *  The police say that just four men participated in this hold-up.  *  *  *  The men caught in the police dragnet described themselves as Frederick Kelly, a chauffeur, of 627 East 137th Street, who admits that he operated the robbery car; Joseph Reardon, 22 years old, of Fort Schuyler Road and Harrington Avenue, West Chester, who is held as a material witness; James Fay, keeper of a pool-room at 758 Second Avenue, who is charged with carrying a pistol, and Joseph Longo, a chauffeur, 22 years old, of 2224 Second Avenue, who, according to the police, admits having been approached in regard to the robbery and having acted as a sort of emissary in hiring Kelly to drive the car.''

Another portion of the article was headed: '' Arrests Follow Confession,'' and continued: ''Longo, as well as Fay and Reardon, was arrested on the strength of Kelly's confession, and the police believe that they are not far from a case against the perpetrators of the robbery.  In fact it was said that more serious charges were liable to be preferred against some of the four now detained before the day was over.''

The article continued to describe Kelly's breakdown and confession, and then states: '' With this development about thirty detectives were sent from the Central Office Bureau with orders to make a trip up through the East Side and arrest some of the men named by Kelly in his confession.  The arrest of Fay and Reardon followed.  The charge against Fay was based on the discovery of a pistol in a satchel in his pool-room.''

At the trial the plaintiff's and defendant's counsel opened the case to the jury, and the plaintiff rested upon the article as his sole evidence in support of the case, the defendant having conceded the circulation and publication of the article, and that the name James Fay appearing therein referred to the plaintiff.  The defendant's counsel at the close of the address of plaintiff's counsel to the jury moved to dismiss the action upon the admissions contained therein, on the ground that the article was not libelous *per se* and was not susceptible of the innuendo pleaded.  This motion was denied, and at the close of the plaintiff's case was renewed upon the same ground, which

motion was granted. I think this was clearly error. While the article published purported to be a true account of police proceedings, it went far beyond the truth in describing the plaintiff's connection with the affair. Any one reading the article would have concluded that the plaintiff was one of the persons implicated in the confession of Frederick Kelly, the chauffeur, and that his arrest followed as a result of such confession; whereas in fact, he was not mentioned in any confession and was not under suspicion of having had any connection with the robbery. The mere fact that the article stated "the charge against Fay was based on the discovery of a pistol in a satchel in his pool-room," and that plaintiff was "charged with carrying a pistol" is insufficient to rebut this conclusion, especially as the article subsequently stated, "more serious charges were liable to be preferred against some of the four now detained before the day was over." The result of the article was to create the impression that the plaintiff was an associate of robbers and criminals and had been named in a confession of one of the robbers implicated in the automobile hold-up as a perpetrator of the offense. The article was accordingly libelous *per se.*

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., McLAUGHLIN, SCOTT and SMITH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.